# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARLA D. BRADFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 04cv0316 |
| | ) | |
| UPMC, a Pennsylvania non-stock non-profit corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER OF COURT

Presently before the Court are the following Motions in Limine filed by Plaintiff in this matter:

(1) PLAINTIFF'S FIRST MOTION IN LIMINE, POST COMPLAINT EVENTS NOT RELEVANT (*Document No. 78*), and Defendant's response in opposition (*Document No. 84*); and

(2) PLAINTIFF'S SECOND MOTION IN LIMINE, IDENTICAL ACTIVITY NOT REQUIRED (*Document No. 79*), and Defendant's response in opposition (*Document No. 85*); and

(3) PLAINTIFF'S THIRD MOTION IN LIMINE, INDIVIDUALS WHO FALSIFIED EMPLOYMENT APPLICATIONS NOT PROPER COMPARATORS *(Document No. 80)*, and Defendant's response in opposition (*Document No. 86*).

The Motions will be addressed seriatim.

**PLAINTIFF'S FIRST MOTION IN LIMINE**
**Post Complaint Events Not Relevant (*Document No. 78*)**

Plaintiff seeks to exclude any evidence "relating to employment practices engaged in by Defendant subsequent to Plaintiff's filing of a charge with the United States Equal Employment Opportunity Commission and/or a corresponding State Agency. . . ." Plaintiff anticipates that Defendant will seek "to introduce evidence relating to corrective actions taken or disciplines imposed relating to events which occurred subsequent to [March 28, 2002]." Plaintiff, relying on *Gonzales v. Police Dep't. San Jose, Cal.,* 901 F.2d 758 (9th Cir. 1990), argues that such disciplines or corrective actions are not relevant to her race discrimination and retaliation claims, which claims arise from the alleged denial of a promotion in January 2002 and the termination of Plaintiff's employment in March 2002.

Defendant agrees that the probative value of discipline involving another employee depends upon whether the same disciplinarian is involved, the remoteness in time, and the similarity of the circumstances. However, at this time, Defendant does not know what particular acts the Plaintiff wants to prevent the jury from learning about and, thus, cannot agree to a blanket proposition to exclude all such evidence.

Without knowing the particular acts which Plaintiff seeks to exclude, the Court is unable to rule on this motion at this time. With a proper foundation such anticipated testimony may be admissible regarding the issue of the employer's intent in its denial of a promotion to Plaintiff in January 2002 and its later decision to terminate her employment in March 2002. *Ansell v. Green Acres Contracting Co.*, 347 F.3d 515 (3d Cir. 2003). Accordingly, this Motion in Limine is **DENIED WITHOUT PREJUDICE** to Plaintiff having the opportunity to raise

an objection after a proffer by Defendant as to any such "post complaint" event(s) it proposes to present.

### PLAINTIFF'S SECOND MOTION IN LIMINE
### IDENTICAL ACTIVITY NOT REQUIRED (*Document No. 79*)

Plaintiff seeks to exclude "any evidence and argument offered by the Defendant, . . . that in order for Plaintiff to meet her burden of proof as to her claim of disparate treatment as to discipline, Plaintiff is required to prove the fact that there was a White individual who committed identical acts and received a lesser discipline." Plaintiff argues that a showing of disparate treatment requires only that "the acts of the other employees were of 'comparable seriousness' to that which she was accused of." P's Mot. at 2.

Our appellate court has consistently held that a plaintiff can establish an inference of discrimination where he or she was treated differently than "similarly situated, non-protected employees," not "that the acts of the other employees were of comparable seriousness." Similarly-situated employees are those who "have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Ogden v. Keystone Residence,* 226 F. Supp.2d 588, 603 (M.D. Pa. 2002); *see also Red v. Potter*, No. 05-5256, 2006 WL 3349563, at *2 (3d Cir. 2006) (stating that "in order to show that an employee is 'similarly situated,' all of the relevant aspects of employment need to be nearly identical"). Further, in this case, the comparatively favorable treatment must be suggestive of a race bias to be relevant.

For these reasons, Plaintiff's Second Motion in Limine is **DENIED.**

### PLAINTIFF'S THIRD MOTION IN LIMINE
### INDIVIDUALS WHO FALSIFIED EMPLOYMENT APPLICATIONS NOT PROPER COMPARATORS
(*Document No. 80*)

Plaintiff seeks to preclude Defendant from "introducing any evidence and/or making any argument that any individual who was found to have falsified his or her application for employment at UPMC is a proper comparator in connection with determining whether or not Plaintiff was subjected to disparate disciplinary treatment by UPMC." Plaintiff argues that individuals who have falsified application forms are not proper comparators to Plaintiff, who was alleged to have falsified a document in the course of performing her job duties.

Defendant responds that it "has no plans at this time to make an argument or to offer evidence that the individuals who were disciplined for only falsifying their applications were "similarly situated" to Plaintiff. However, should Plaintiff "open the door" and argue, for example, that White employees are not disciplined for falsifying documents, then the subject evidence would become relevant to refute that claim.

The Court agrees with Defendant and finds and rules that Plaintiff's motion is generally well taken but premature at this time and its disposition should await the offer, if any, of evidence from Plaintiff about employees who may have falsified applications for employment.

So **ORDERED** this 9th day of January, 2008.

BY THE COURT:

s/Terrence F. McVerry, Judge
United States District Court

cc:  Charles E. Boyle, Esquire
Email: ceboyle@verizon.net

Michael E. Hoover, Esquire
Diefenderfer, Hoover, Pross & Wood
Email: mhoover@verizon.net

John J. Myers, Esquire
Eckert, Seamans, Cherin & Mellott
Email: jmyers@eckertseamans.com

Christina I. Kepplinger, Esquire
Eckert, Seamans, Cherin & Mellott
Email: ckepplinger@eckertseamans.com